IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRACEY LEE JONES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-02953 |
| NUCLETRON CORPORATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Tracey Lee Jones ("Plaintiff" or "Jones") originally brought this employment discrimination and overtime compensation action against Defendant Nucletron Corporation ("Defendant" or "Nucletron"), now known as Elektra, in the Circuit Court for Howard County. Nucletron later timely removed this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1441. Specifically, Plaintiff's First Amended Complaint[1] alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.* (Count I), 42 U.S.C. § 1981 (Count II), Maryland Human Relations Act ("MHRA"), Maryland Annotated Code, State Government Article §§ 20-1013 *et seq.* (Count III), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count IV), the Maryland Wage and Hour Law ("MWHL"), Maryland Annotated Code, Labor and Employment Article §§ 3-401 *et seq.* and the Maryland Wage

---

[1] Both the original and amended Complaints in this case were initially filed in the Circuit Court for Howard County.

1

Payment and Collection Law ("MWPCL"), Maryland Annotated Code, Labor and Employment Article §§ 3-501 *et seq.* (Count V).  Plaintiff had originally included a Motion for Class Certification with respect to the FLSA and Maryland wage laws claims (Counts VI and VII) in the First Amended Complaint initially filed in the Circuit Court for Howard County which then became a pending Motion for Class Certification (ECF No. 7) upon removal of to this Court.  Following a telephone conference with the parties, Plaintiff agreed that this motion could be DENIED based on undisputed facts in this case.  Accordingly, this Court issued an Order (ECF No. 15) denying the Motion for Class Certification.

Presently pending before this Court, is Defendant Nucletron's Motion for Judgment on the Pleadings (ECF No. 12) with respect to Counts Four through Seven relating to Plaintiff's Fair Labor Standards Act and Maryland wage laws claims.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendant's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED in part and DENIED in part.  Specifically, the motion is GRANTED with respect to Plaintiff's class related claims under the FLSA and the Maryland wage laws as well as with respect to Plaintiff's claim under the MWPCL.  Defendant's motion is DENIED with respect to Plaintiff's individual FLSA and MWHL claims.  Accordingly, Plaintiff's claims in Counts Six and Seven as well as Plaintiff's MWPCL claim in Count Five are DISMISSED WITH PREJUDICE.  Plaintiff's overtime compensation claims under the FLSA and the MWHL in Counts Four and Five remain pending against Defendant Nucletron.

BACKGROUND

For the purposes of the subject motion, this Court accepts as true the facts alleged in the Plaintiff's Complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiff Tracey Lee Jones ("Plaintiff" or "Jones") is a dark-skinned male of Jamaican descent who was employed by Defendant Nucletron Corporation ("Defendant" or "Nucletron"), now known as Elektra, from April 23, 2003 until October 23, 2009.  First Am. Compl. ¶¶ 8, 10, 23, ECF No. 3.  Jones alleges that while employed, he was informed by "management officials that his verbal communications were difficult to understand because of his accent." *Id.* ¶ 11.  Jones also alleges that, in early 2009, despite his seniority and experience with CRM administration duties and responsibilities, he was denied a promotion to the CRM Administrator position.  *Id.* ¶ 20.  This position was instead allegedly given to a new Caucasian applicant.  *Id.* ¶ 20.  Jones further alleges that for the pay periods of July 31, 2009 through August 14, 2009 and August 17, 2009 through August 31, 2009, Nucletron failed to compensate him for a total of 2.66 hours of overtime.  *Id.* ¶¶ 12-13.  Additionally, Jones claims that this type of inadequate deduction occurred on almost all of his pay checks.  *Id.* 15.  Finally, Jones claims that on or about October 23, 2009, he resigned from his position with Nucletron because of the race discrimination he alleges occurred in the company and because of his perceived inability to obtain a higher position because of his race.  *Id.* ¶ 23.

Jones then brought an action against Nucletron for employment discrimination and lack of overtime compensation in the Circuit Court for Howard County.  After Jones filed his First Amended Complaint which included a Motion for Class Certification, Nucletron

timely removed this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1441. Jones alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.* (Count I), 42 U.S.C. § 1981 (Count II), Maryland Human Relations Act ("MHRA"), Maryland Annotated Code, State Government Article §§ 20-1013 *et seq.* (Count III), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count IV), and the Maryland wage laws (Count V).[2] Additionally, Jones sought the certification of a class with respect to his FLSA and Maryland wage laws claims (Counts VI and VII). This Court previously issued an Order (ECF No. 15) denying Plaintiff's Motion for Class Certification (ECF No. 7).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed, as long as it is early enough not to delay trial.[3] *See* FED. R. CIV. P. 12(c). The legal standard governing such a Motion is the same as a Motion to Dismiss under Rule 12(b)(6). *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Booker v. Peterson Cos.*, 412 F. App'x 615, 616 (4th Cir. Feb. 25, 2011); *Economides v. Gay*, 155 F. Supp. 2d 485, 488 (D. Md. 2001). In determining whether dismissal is appropriate, this Court assumes as true all well-pleaded facts in the plaintiff's complaint, but does not accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A

---

[2] The Maryland Wage and Hour Law ("MWHL"), Maryland Annotated Code, Labor and Employment Article §§ 3-401 *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Annotated Code, Labor and Employment Article §§ 3-501 *et seq.*

[3] Defendant filed an Answer (ECF No. 10) on October 21, 2011, prior to filing the Motion for Partial Judgment on the Pleadings (ECF No. 12).

4

complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 55. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

Defendant Nucletron Corporation ("Defendant" or "Nucletron") has moved this Court to render judgment on the pleadings with respect to Plaintiff's claims in Counts Four through Seven. Specifically, Nucletron contends that Plaintiff's overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Maryland Annotated Code, Labor and Employment Article §§ 3-401 *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Annotated Code, Labor and Employment Article §§ 3-501 *et seq.* lack merit. Moreover, Nucletron contends that Plaintiff has failed to meet the requirements of a Fair Labor Standards Act Collective Action and of a class action under Rule 23 of the Federal Rules of Civil Procedure.

With respect to the later argument, this Court has already ruled, and Plaintiff has agreed, that the Motion for Class Certification is DENIED based on undisputed facts in this

case.  *See* Order, ECF No. 15.  Accordingly, Plaintiff's claims in Counts Six and Seven seeking to establish a class action alleging overtime compensation claims under the FLSA and the Maryland wage laws are DISMISSED WITH PREJUDICE.

Next, it is well established that the MWPCL "does not concern the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment."  *Friolo v. Frankel*, 819 A.2d 354, 361 (Md. 2003); *see also McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 474 (D. Md. 2004) (noting that the MWPCL "does not regulate minimum wage and overtime payments," but only the timing of payment and the payment upon termination); *Tucker v. Sys. Specialist Furniture Installations, Inc.*, JFM-07-1357, 2007 WL 2815985, at *1 (D. Md. Sept. 26, 2007) (same).  This Court has noted that "the Maryland Wage and Hour Law, not the MWPCL, is the state's equivalent of the FLSA, and shares its purpose to provide a minimum wage and maximum hours for employees."  *Reed v. Code 3 Sec. & Prot. Servs.*, AW-09-1162, 2009 WL 5177283, at *4 (D. Md. Dec. 18, 2009) (quotation marks and citation omitted).  Because Plaintiff's allegations concern entitlement to overtime wages, the claim asserted under the MWPCL in Count Five of his Amended Complaint must be DISMISSED WITH PREJUDICE.

Under the Fair Labor Standards Act and the Maryland Wage and Hour Law, employers are required to compensate their employees for overtime worked in excess of a forty-hour week.  29 U.S.C. § 207, MD. CODE ANN., LAB. & EMPL. §§ 3-415, 3-420.[4]  To

---

[4] "[A]n employer is subject to the FLSA if one of two pre-requisites is satisfied: (1) an employee is engaged in commerce or the production of goods for commerce ("covered employee") or (2) the employer is an enterprise engaged in commerce or in the production of goods ("enterprise coverage")."  *Diaz v. HBT, Inc.*, RWT-11-1856, 2012 WL 294749, at *2 (D. Md. Jan.31, 2012); *see also Russell v. Continental Restaurant, Inc.*, 430

state a claim for overtime compensation under the FLSA and the MWHL, "a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Hawkins v. Proctor Auto Serv. Ctr.*, RWT-09-1908, 2010 WL 1346416, at *1 (D. Md. Mar. 30, 2010) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986).[5]  This Court has held that "[b]ecause, as a practical matter, the requirements to state such a claim are quite straightforward, courts have routinely found that plaintiffs satisfy this standard merely by alleging that their employers did not provide them with overtime pay even though they worked in excess of forty hours during the workweek." *Calle v. Chul Sun Kang Or*, DKC-11-0716, 2012 WL 163235, at *2 (D. Md. Jan. 2012) (citation and quotation marks omitted); *see also Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 667-68 (D. Md. 2011) (holding that allegations that "plaintiff worked overtime more than forty hours in a week and did not receive overtime compensation to be sufficient" to state a claim for overtime compensation under the FLSA).  In this case, Plaintiff's allegations that he worked 88 hours on a bi-weekly basis yet only received compensation for 86.67 hours on an almost continuous basis throughout his employment with Defendant are sufficient to state a claim under the FLSA and the MWHL.  Accordingly, Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's claims under the Fair Labor Standards Act and the Maryland Wage and Hour Law in Counts Four and Five is DENIED.

---

F. Supp. 2d 521, 523-27 (D. Md. 2006).  Neither party disputes the fact that Defendant Nucletron is subject to the FLSA.

[5] The requirements to state a claim under the MWHL "mirror those of the" FLSA.  *Turner v. Human Genome Scis., Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003).  As such, Plaintiff's "claim under the MWHL stands or falls on the success of [his] claim under the FLSA." *Turner*, 292 F. Supp. 2d at 744.

Notwithstanding this Court's decision on the pleadings, it is worth noting Defendant's request, in a footnote, to consider matters outside of the pleadings thereby converting the instant Motion for Judgment on the Pleadings into a motion for summary judgment. *See* Mem. in Supp. of Def.'s Mot. at 2 n. 1, ECF No. 12-1. Rule 12(d) of the Federal Rules of Civil Procedure provides that: "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Rule 12(d) further provides that "the parties must be given a reasonable opportunity to present all the material" pertinent to the motion. *Id.* While Defendant has submitted evidence that back overtime compensation was paid to Plaintiff and while, by his own admission, some of Plaintiff's overtime was paid several weeks after the overtime was worked, Plaintiff still claims in his affidavit that he did not receive overtime pay for work performed from home. Jones Aff. ¶ 14, Resp. in Opp. to Def.'s Mot., ECF No. 13-3. Moreover, Plaintiff contends that because discovery has not yet occurred, he lacks the opportunity to challenge the evidence submitted by Defendant in support of its motion. Accordingly, converting this motion into a motion for summary judgment would be premature. Additionally, the United States Court of Appeals for the Fourth Circuit has held that conflicting affidavits in and of themselves raise genuine issues of material fact. *See Am. Metal Forming Corp. v. Pittman*, 52 F.3d 504, 507 (4th Cir. 1995). As such, issues of material fact would still exist at this stage which would preclude the entry of summary judgment.

CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED in part and DENIED in part.  Specifically, the motion is GRANTED with respect to Plaintiff's class related claims under the Fair Labor Standards Act ("FLSA") and the Maryland wage laws in Counts Six and Seven as well as with respect to Plaintiff's claim under the Maryland Wage Payment and Collection Law ("MWPCL") in Count Five.  Defendants' motion is DENIED with respect to Plaintiff's individual FLSA and Maryland Wage and Hour Law ("MWHL") claims in Counts Four and Five.  Accordingly, Plaintiff's claims in Counts Six and Seven as well as Plaintiff's MWPCL claim in Count Five are DISMISSED WITH PREJUDICE.  Plaintiff's overtime compensation claims under the FLSA and the MWHL in Counts Four and Five remain pending against Defendant Nucletron Corporation, now known as Elektra.

A separate Order follows.

Dated:       February 20, 2013                    /s/_____
                                                  Richard D. Bennett
                                                  United States District Judge